EDWARD CLARK v. THE ST. LOUIS & SAN FRANCISCO RAILWAY COMPANY.

### No. 355.

1. PRACTICE, DISTRICT COURT — *Case-made — Authority of Judge.* Following the doctrine announced by the supreme court in the case of *Eddy v. Weaver*, 37 Kan. 540, 15 Pac. 492, it is *held*, that the trial judge was without authority to permit the case-made to be amended by the plaintiff in error, over the objection of the defendant in error, on the day such case-made was settled and signed, and long after the time granted for making and serving

the same had expired, by inserting therein the following statement: "The foregoing is all the evidence introduced and offered upon the trial of this case and all objections thereto and the exceptions"; and further *held*, that the statement so inserted must be disregarded by the appellate court.

2. ——— *Contents of Case-made — Verity.* A case-made duly settled and signed imports verity in all its parts, including the indorsements on an appeal bond whereby the defendant in error carried the case to the district court on appeal from a justice of the peace.

Error from Butler district court; C. W. SHINN, judge. Opinion filed October 15, 1898. Affirmed.

*Sankey & Campbell*, for plaintiff in error.

*J. W. Gleed, John L. Hunt*, and *Gleed, Ware & Gleed*, for defendant in error.

The opinion of the court was delivered by

MILTON, J.: This action was brought by Edward Clark against the St. Louis & San Francisco Railway Company, before a justice of the peace of Butler county, to recover damages from the company growing out of its alleged negligence in transporting a carload of live stock from Andover in said county to Kansas City, Mo. Clark claimed that the company undertook to ship the stock from Andover to Kansas City, and for that purpose furnished him a car at that station on March 30, 1888; that he put into the car in sound and healthy condition sixty head of fat hogs, which the company agreed to deliver in good condition in Kansas City; but that by reason of the negligence of the company only forty-four of the hogs were delivered in Kansas City, thus damaging plaintiff, by a failure to deliver sixteen of the hogs, in the sum of $250. From a verdict and judgment in favor of Clark in the sum sued for, the railroad company appealed to the district court. In that court Clark moved to

dismiss the appeal, for the reason that no surety had signed the appeal bond. Another bond was thereupon exhibited to the court, properly signed by sureties and indorsed as having been filed and approved before the justice within the time prescribed by law for taking an appeal. The motion to dismiss the appeal was overruled, and a trial by jury was had in the district court, resulting in a verdict and judgment for the plaintiff in the sum of $245.92. Upon proceedings in error by the railroad company the judgment of the district court was reversed. (*St. L. & S. F. Rly. Co. v. Clark*, 48 Kan. 321, 29 Pac. 312.)

The case was thereafter again tried in the district court, the plaintiff renewing his motion to dismiss the appeal from the judgment of the justice of the peace, for the alleged insufficiency of the appeal bond. The motion was overruled, and thereupon the case was tried to a jury, and a verdict was returned in favor of the defendant company. A very complete statement of the facts as they appear in the present record can be found in the opinion of the supreme court in the case just mentioned.

The defendant in error suggests various objections to the case made, and asks that the proceedings in error be dismissed. The first objection is that the record does not show that the case-made was served in time or that it was served at all. The record contains nothing showing that the case-made was served on the defendant in error or that amendments thereto were suggested. It was settled and signed long after the time given for serving the same and for suggesting amendments. On the day it was signed and settled, and prior to the signing and settling thereof, the district judge permitted counsel for plaintiff in error—counsel for both parties being present—

to insert in the case-made, at the conclusion of the testimony therein set forth, the following language : " The foregoing is all the evidence introduced and offered upon the trial of this case and all objections thereto and the exceptions." We do not understand that counsel for defendant in error claim the case-made was not served, but simply that the record fails to show that it was served. This objection is probably answered by the fact that the defendant was represented at the settling of the case-made, and did not then, or since, offer to prove that service was not made.

We think the district judge erred in permitting the case-made to be amended by inserting the statement above quoted after the time for making and serving the case-made and for suggesting amendments thereto had expired. In the case of *Eddy v. Weaver*, 37 Kan. 540, 15 Pac. 492, the supreme court held that it was improper for the trial judge to insert a similar statement in his certificate to the case-made under like circumstances. The court regarded such statement as not falling within the category of new propositions necessary to make the case, as it was originally made and served or the amendments thereto as orginally suggested, speak the truth, and as being therefore equivalent to making a new case for the supreme court after the time for making and serving the same had elapsed. We are unable to avoid the conclusion that, within the doctrine of the foregoing case, the district judge exceeded his jurisdiction and authority in permitting the amendment to be made in the present instance. According to this view, the evidence set forth in the case-made before us cannot properly be examined.

This leaves but one question for our consideration, namely, the alleged error of the trial court overruling

the motion to dismiss the appeal from the judgment of the justice of the peace. Counsel for plaintiff in error state in their brief that the appeal bond was in fact given long after the time for taking the appeal had expired. As before stated, the record shows that this bond was marked "filed" and "approved" by the justice on May 11, 1888, the day the case was first tried. As the record stands, we cannot hold that the court erred in overruling the motion to dismiss the appeal.

We have read the entire record and have given careful attention to all the claims of counsel for the plaintiff in error in respect to the alleged errors of the court in the admission and in the rejection of testimony. The conclusion we have reached is that, while some of the rulings of the trial court were incorrect, no such error appears as would require a reversal of the judgment. The judgment of the district court will be affirmed.